UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BRYAN TAYLOR, | ) | |
| Plaintiff, | ) | Civil No. 11-21-GFVT |
| V. | ) | |
| CLAY CO. DETENTION CENTER, *et al*, | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Bryan Taylor is an individual confined in the Hart County Jail in Munfordville, Kentucky. Taylor has filed a *pro se* civil rights action under 42 U.S.C. § 1983. [R. 2-4.] The Court granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 in a prior order. [R. 9.] Having reviewed the Complaint,[1] the Court must dismiss it because Taylor failed to exhaust his administrative remedies as required by federal law prior to filing suit.

**I.**

In his Complaint, Taylor indicates that on February 1, 2010, while incarcerated at the Clay County Detention Center, he was attacked by nine other inmates. [R. 3 at 2.] After the assault, Jailer Kenny Price refused to allow a nurse named "Goldie" examine or treat Taylor for

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

his injuries because Price believed that Taylor's injuries, if any, were not the consequence of a fight between the inmates. [R. 2 at 2.] The Court infers from Taylor's other pleadings either that Price believed Taylor had become dizzy and hit his head as a result of his diabetes, or that Price used Taylor's condition as a diabetic as a pretext to cover up the assault upon Taylor by other inmates. [R. 2 at 2-3, R. 4 at 2.]

On February 12, 2010, Taylor wrote letters to his friend Paul to seek assistance, who in turn contacted the Clay County Sheriff's Office to seek medical care for Taylor as well as to have the inmates who attacked Taylor charged with assault. The Sheriff's Office refused to intercede on Taylor's behalf. [R. 3 at 2.] Several weeks later, on March 5, 2010, Taylor was taken by Deputy Robert Bishop to the office of a contract physician, Dr. Mahboob, to be examined and treated for his diabetes. [R. 4 at 2.] Taylor was examined by an unnamed nurse. At this time, Taylor requested that his head be scanned for injuries, because the other inmates had kicked him repeatedly in the head during the assault. [R. 4 at 2.] Taylor indicates that Deputy Bishop did not tell the nurse about the assault, and because several weeks had passed since the attack, the swelling had receded and the nurse was not able to discern any injury. [R. 2 at 2-3.]

On March 30, 2010, Taylor was examined by Dr. Mahboob, who indicated that Taylor was there to have his blood pressure checked. When Taylor told Dr. Mahboob about the fight and requested a C-SCAN, Dr. Mahboob indicated that Taylor's difficulties with his vision and hearing were a consequence of his high blood pressure. [R. 4 at 3.] Taylor indicates he continues to experience difficulty with his hearing and vision. [R. 2 at 3, R. 4 at 3.]

Taylor states that the jail has a grievance policy or procedure in place, but that he did not file a grievance regarding these events because the grievance would "go to the jailer that

[denied] me medical help and [tried] to cover this up." [R. 2, 3, 4 at 5-6.] Taylor asserts that the jailer and his staff have tried to cover up the assault and have prevented him from getting proper medical treatment. He further alleges that the jailer and the sheriff's department have failed to charge the inmates who attacked him with assault or investigate the cover up at the jail and that Dr. Mahboob assisted in the coverup and committed professional malpractice by failing to adequately treat his head injuries. [R. 2, 3, 4 at 7-8.]

**II.**

Before a prisoner may file suit regarding the conditions of his confinement, federal law requires him to first file a grievance with prison officials and to exhaust all avenues of appeal. 28 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). Where the facts set forth on the face of the complaint establish that the plaintiff's claim is barred by an affirmative defense such as the failure to exhaust administrative remedies, it is subject to dismissal for failure to state a claim. *Id*. at 215-16; *Opkala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007); *Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010); *Cosgrove v. Cappachella*, No. 08-3923, 2009 WL 781324 (3d Cir. Mar. 26, 2009). In this case, Taylor has conceded that he did not file a grievance with respect to the claims set forth in his complaint. [R. 2, 3, 4 at 5-6.] Taylor's complaint is therefore subject to dismissal for failure to exhaust administrative remedies.

Taylor explains that he did not file a grievance because it would "go to the jailer that [denied] me medical help and [tried] to cover this up." [R. 2, 3, 4 at 5-6.] However, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner is therefore not excused from exhausting his administrative remedies simply because the individual who would respond

to the grievance is the same jailer or guard who committed the conduct giving rise to the grievance.  *Accord Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001) (prisoner must exhaust claims that prison guards used excessive force); *see also Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003) (finding exhaustion requirement of Section 1997e(a) satisfied where prisoner filed grievances asserting that medical staff had attempted to "cover up" inadequate medical care), *overruled on other grounds in Jones v. Bock*, 549 U.S. 199 (2007); *McGee v. Federal Bureau of Prisons*, 2004 WL 2931365 (10th Cir. 2004) (affirming dismissal of Eighth Amendment claims alleging failure to protect prisoner from assault and to provide adequate follow up medical care where inmate failed to file inmate grievance).  Indeed, this will be the case in almost all administrative review systems, including in the prison context.  *Massey v. Helman*, 259 F.3d 641, 647-48 (7th Cir. 2001) (administrative remedies were "available" to prisoner even where prison officials held dual status as administrative decisionmaker and possible future defendant). Because Taylor does not have a legally sufficient justification for his failure to exhaust administrative remedies, the Court will dismiss the complaint without prejudice.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint [R. 2] is **DISMISSED WITHOUT PREJUDICE**.
2. The Court will enter an appropriate Judgment.

Entered this 7th day of March, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge